**Eric VIZENA, Individually and on behalf of Erica Vizena, on behalf of John Eric Vizena; Patricia Vizena, Individually and on behalf of Erica Vizena, on behalf of John Eric Vize-**

na; Michael Rougeau, Individually and on behalf of Kaitlen Rougeau, on behalf of Jena Rougeau; Wendy Rougeau, Individually and on behalf of Kaitlen Rougeau, on behalf of Jena Rougeau; Eric's Body Shop; et al., Plaintiffs–Appellees,

v.

UNION PACIFIC RAILROAD CO., Defendant–Appellant.

Herbert Arnold; Judith Arnold, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Bryant Cormier; Sybil Smith; Wendy Thibodeaux, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Gary Gaudin; Linda Gaudin, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Holly Fontenot; John Pasterick; Eveline Ardoin; John Fontenot, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Gary Fontenot, Etc.; et al., Plaintiffs,

Neal Trahan; Amy Trahan, on behalf of Brianne Stanford, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Patrick Miller; Gail Frye; Dwight Collins; April Collins; Clayton Scott, Sr.; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Walter J. Andrepont; Patrick James Bertrand; Mary Inc., doing business as Manuel Oil Co.; Lisa Thibodeaux; Sam E. Thumblin, Jr.; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

John Dana Latour; Judy Latour; Dula Johnson, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Linton Sam, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Debra Hardy, on behalf of Kristen Hardy, on behalf of Leola Poulard, on behalf of Shaun Hardy; Gary Hardy, on behalf of Kristen Hardy, on behalf of Shaun Hardy, on behalf of Leola Poulard, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Ladonna Sheree Snow; Terrance Paul Hebert; Tammie G. Bertrand; Carl A. Bertrand; Amos D. Graham; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Alristelle K. Thomas; Steve Ceaser; Tiffany C. Robinson; Quitin Doyle; J. L. Pitre; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Becky Brunet; Ramond Malveaux; Kimberly Walker, Individually and on behalf of Caroline Elizabeth Walker, on behalf of Ty Robert Walker; Chad Wayne Daigle, Individually and on behalf of Jacoby Daigle, on behalf of Colby Goodley; Genora Goodley, Individually and on behalf of Jacoby Daigle, on behalf of Colby Goodley, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.,
Defendant–Petitioner.

Ebony Willis; Ethel Willis; Rozena Edwards; Jamal Willis; Larry Edwards, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Acadiana Amusements Inc.,
Plaintiff–Respondent,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Scott Perrodin; Lynda Perrodin; Stevie Bertrand; Tina Bertrand, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.;
et al., Defendants,

Union Pacific Railroad Co.,
Defendant–Petitioner.

Manzy Thomas; Margie Thomas; Lloyd H. Antoine, Individually and on behalf of Alex Antoine, on behalf of Anthony Antoine; Denise Antoine, Individually and on behalf of Alex Antoine, on behalf of Anthony Antoine; Antoine Farms, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.,
Defendant–Petitioner.

Joshua West; Herman Lawrence, Jr.; Todd Guillory, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Ella Edwards; Raundea Guillory, Individually and on behalf of Rondessio Guillory, on behalf of Fitzgerald Guillory; Annie Jack; Johnny Tillman; Lola Wilson, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Philip Thomas; Frederick Thomas; Tracy Ellison; Hilary Thomas; George Thomas; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Perry L. Jones, Sr., Individually and on behalf of D'Andrea Broussard, on behalf of Laci Broussard, on behalf of Tia Broussard, on behalf of Perry Jones, Jr., on behalf of Sharon Nicks; Kenya Jones, Individually and on behalf of D'Andrea Broussard, on behalf of Laci Broussard, on behalf of Tia Broussard, on behalf of Perry Jones, Jr., on behalf of Sharon Nicks; Lamikaa Meeks; Retina Shantell Meeks; Marie Scott; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Hilda Frank; Francis Frank, Jr., Individually and on behalf of Frankie H. Frank, on behalf of Francine Frank, on behalf of Franko H. Frank; Francis Frank, III; Frandon Frank; Curley Frank; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Paul Landry; Rose Landry, Individually and on behalf of Keith Carrier; Ramona Lemelle, on behalf of Aaron Lemelle, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Charlotte Fontenot; Clarence Fontenot; Peggy Fontenot; Richard Fontenot; Adrian Leday; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Paul Duplantis; Karen Duplantis, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Roderick Abney; Lester Adams; M. Anderson; Richard Anderson; Richard P. Anderson, Jr.; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Bervick Allison; Virginia Allison; Marcel Authorlee; Colandra Authorlee, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Bridget Watson; Jarvous Watson; Carolyn Thomas, individually and on behalf of Sharon Thomas, on behalf of Karen Thomas; Sandra Wilson, individually and on behalf of Darrin Wilson; Eltray Mae Coston, individually and on behalf of Jareika Guillory, on behalf of Keramyzhia Guillory; et al., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

John Patrick Higgins, Dr.; Carol McCauley Higgins; Mary Caroline Higgins; Mary Christina Higgins, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Marilyn Tatterson, individually and on behalf of Gary Tatterson, Jr.; Joseph Bryant Bennett; Lynette Broadway Beshears; Linda Faye Williams, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Russell Quebedeaux, Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Faquetaigue Gravity Drainage, district No. 1 St. Landry Parish, Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Kimberly Yoland Woods, individually and on behalf of Quentin Jermaine Ceasar, Jr.; Quentin Jermaine Ceasar, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

State Farm Fire & Casualty Co., Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Florence L. Jones; Della Sanders Ireland; Amy Louise Sanders, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Ronald Gibson, individually and on behalf of Michael Ryan Gibson, on behalf of Malik Gibson; Stephanie Vernon Gibson, individually and on behalf of Michael Ryan Gibson, on behalf of Malik Gibson; Zann Stacy, individually and on behalf of Zaelyn Stacy, Plaintiffs–Respondents,

v.

Union Pacific Railroad Co.; et al., Defendants,

Union Pacific Railroad Co., Defendant–Petitioner.

Scott Fisher, Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Paul Soileau, Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Riley Howard Andrus, Jr., Plaintiff–Respondent,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

Patricia Ann Edwards, individually and on behalf of Williams Edwards, on behalf of Malcolm Edwards, on behalf of Patricia Sanchez Edwards, on be-

half of Wesley Edwards, Jr.; Wesley Edwards, Sr., individually and on behalf of Williams Edwards, on behalf of Malcolm Edwards, on behalf of Patricia Sanchez Edwards, on behalf of Wesley Edwards, Jr., Plaintiffs–Respondents,

v.

Union Pacific Railroad Co., Defendant–Petitioner.

No. 01–31434.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 2004.

Calvin Clifford Fayard, Jr., Denham Springs, LA, Elizabeth Cary Dougherty,

Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, LA, Stephen B. Murray, Murray Law Firm, New Orleans, LA, Jacque B. Pucheu, Jr., Pucheu, Pucheu & Robinson, Mark Terrance Hoychick, Young, Hoychick & Aguillard, A. Gerard Caswell, Law Offices of A. Gerard Caswell, Eunice, LA, for Plaintiffs–Appellees.

James William Craig, Phelps Dunbar, Jackson, MS, Steven Jay Levine, Phelps Dunbar, Baton Rouge, LA, Alissa Jean Allison, William H. Howard, III, Barbara L. Arras, Neil C. Abramson, Phelps Dunbar, New Orleans, LA, John E. McElligott, Jr., Davidson, Meaux, Sonnier & McElligott, Lafayette, LA, David Andrew Fraser, Fraser, Morris & Wheeler, Lake Charles, LA, for Defendant–Appellant.

Before EMILIO M. GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:

Union Pacific Railroad Company ("Union Pacific") appeals the district court's order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure. Union Pacific argues that the district court erred in certifying the class and in admitting the testimony of two expert witnesses.

"The district court maintains great discretion in certifying and managing an action. We will reverse a district court's decision to certify a class only upon a showing that the court abused its discretion, or that it applied incorrect legal standards in reaching its decision." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 478 (5th Cir.2001). "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent

power to manage and control pending legislation." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir.1998). An action may proceed *only* if the party seeking certification demonstrates that all four requirements of Rule 23(a) are met, and that at least one of three requirements of Rule 23(b) are met. *See* FED. R CIV. P. 23 (a-b); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)"). If the requirements of Rule 23 are not met then a class should not be certified. *See* FED. R CIV. P. 23(b); *Amchem*, 521 U.S. at 614, 117 S.Ct. 2231.

"When because of absence of findings of fact or conclusions of law, an appellate court cannot determine whether the record supports the trial court decision, it should remand the action for entry of findings of fact and conclusions of law." *Complaint of Ithaca Corp.*, 582 F.2d 3, 4 (5th Cir.1978); *cf. Westwego Citizens for Better Government v. City of Westwego*, 872 F.2d 1201, 1204 (5th Cir.1989) ("Because we find that the district court failed to explain its reasoning with sufficient particularity, we must remand this case to the district court so that it may make the specific findings of fact and conclusions of law necessary to support a judgment."). In a recent unpublished opinion we found a district court's order certifying a class action "inadequate for review" because "it provided no factual findings or legal analysis." *See Bell v. City of Dallas, Texas*, 81 Fed.Appx. 490, 491 (5th Cir.2003) (unpublished). We va-

cated the order and remanded the case. *See id.*

■■■ In this case, the district court certified a class without any findings of fact, legal analysis, or even a cursory reference to Rule 23's requirements. Considering the deferential review provided a district court's decision to certify a class and the burden on the plaintiff to meet each of the requirements of Rule 23, it is improper for a district court to certify a class action without first demonstrating that the plaintiff has satisfied each of the requirements of Rule 23. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (a "class action[ ] may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of [Rule 23] have been satisfied"); *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir.1996) ("A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class."). Thus, we hold that when certifying a class a district court must detail with sufficient specificity how the plaintiff has met the requirements of Rule 23.[1] Accordingly we VACATE the certification order, and REMAND the case to the district court for appropriate findings.

---

**1.** As a plaintiff's request for class certification must fail if any one of Rule 23's requirements is not met, in an order denying class certification the district court need only detail, with sufficient specificity, why the plaintiff failed to satisfy any one of Rule 23's requirements.

However, if the plaintiff failed to satisfy more than one of Rule 23's requirements, prudence would suggest that the district court detail why the plaintiff failed to meet each of those requirements.