**OWNER OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., Plaintiffs,**

v.

**FFE TRANSPORTATION SERVICES, INC., Defendant.**

**No. CIV.A.3:06–CV–010–N.**

United States District Court,
N.D. Texas,
Dallas Division.

June 15, 2007.

David Cohen, Amy M. Lloyd, Paul D. Cullen, Sr., Cullen Law Firm, Washington, DC, Jay R. Stucki, Ellen Cook Sacco, Hulse Stucki, Irving, TX, for Plaintiffs.

George C. Lamb, III, Aimee Williams Moore, Baker Botts, Dallas, TX, for Defendant.

### ORDER

GODBEY, District Judge.

Before the Court is the Motion for Class Certification [20] filed by Plaintiffs Gregory Colvin ("Colvin"), Roy Clark ("Clark"), Warrior Transportation ("Warrior"), and Owner Operator Independent Drivers Association, Inc. ("OOIDA") (collectively, "Plaintiffs"). Because questions affecting individual putative class members predominate over questions of fact and law common to the class, the Court denies the motion.

## I. PLAINTIFFS' CLAIMS

Defendant FFE Transportation Services, Inc. ("FFE") is a motor carrier providing transportation services to the public under the authority of the Department of Transportation ("DOT"). FFE's primary business is the cross-country delivery of perishable goods in refrigerated trailers. To make these deliveries, FFE hires independent contractors, who own their own trucks and provide delivery services to FFE pursuant to an Independent Contracting Agreement ("ICA"). Plaintiffs Colvin, Clark, and Warrior are independent contractors who entered into ICAs with FFE. Plaintiff OOIDA is a trade association that represents the interests of independent owner-operator truck drivers nationwide.

Plaintiffs brought this action against FFE under 49 C.F.R. § 376.1, alleging that FFE violated that statute by using lease agreements (ICAs) that contain unlawful provisions or omit required provisions, improperly managing escrow funds and charge-backs, requiring Plaintiffs to purchase certain products and services under the ICAs, and failing to provide documentation to the Plaintiffs to verify the validity of charge-backs. Plaintiffs now seek to assert these claims on behalf of all owner-operator truck drivers who entered into an ICA with FFE since January 4, 2004.

## II. PREREQUISITES FOR CLASS CERTIFICATION

Under Federal Rule of Civil Procedure 23, the Court must "determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c). The Court has wide discretion in determining whether to certify a class; however, that discretion must be exercised within the bounds of Rule 23. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir.1996). Furthermore, in making this determination, the Court must undertake a rigorous analysis of Rule 23's prerequisites by probing beyond the pleadings to understand the claims, defenses, and relevant facts. *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir.2005). Although the Court does not consider the merits of the plaintiffs' claims in determining whether to certify the proposed

class, the Court must consider the "the nature and range of proof necessary to establish the plaintiffs' substantive allegations" if it is adequately to conduct the rigorous analysis called for under Rule 23. *Owner–Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.,* No. CV–02–1059–PHX–PGR, 2006 WL 2521183, at *4 (D.Ariz.2006); *accord Castano,* 84 F.3d at 741 ("In order to make the findings required to certify a class action under Rule 23(b)(3) ... one must initially identify the substantive law issues which will control the outcome of the litigation.") (quoting *Alabama v. Blue Bird Body Co.,* 573 F.2d 309, 316 (5th Cir.1978)).

A case may proceed as a class action only if the trial court determines that the party moving for certification demonstrates that it has met all four prerequisites of Rule 23(a). FED. R. CIV. P. 23(a); *see also Vizena v. Union Pac. R.R. Co.,* 360 F.3d 496, 503 (5th Cir.2004). Under Rule 23(a), the moving party must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). FED. R. CIV. P. 23(a).

Additionally, the Court must also determine that, according to Rule 23(b), a class action is the appropriate vehicle through which to resolve the litigation. FED. R. CIV. P. 23(b); *see Vizena,* 360 F.3d at 503. Rule 23(b) states, in relevant part, that a class action is appropriate if the moving party establishes the prerequisites set forth in Rule 23(a) and:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

FED R. CIV. P. 23(b).

## III. PLAINTIFFS FAIL TO ESTABLISH THAT A CLASS ACTION IS APPROPRIATE UNDER RULE 23(B)

FFE opposes the Plaintiffs' motion for class certification on the grounds that, even assuming the Plaintiffs can establish the Rule 23(a) prerequisites, they have still failed to meet any of the requirements of Rule 23(b). The Plaintiffs rely on Rule 23(b)(2) and (b)(3). The Court agrees with FFE that the Plaintiffs have failed to show that a class action is appropriate under either provision.

### A. Rule 23(b)(3)

Plaintiffs urge the Court to certify the proposed class under Rule 23(b)(3), arguing that because all of the Plaintiffs' claims stem from FFE's alleged violation of the Truth–in–Leasing regulations set forth in 49 C.F.R. § 376.1, common questions of fact and law predominate over individualized questions. While initially plausible, this contention crumbles under a close analysis of the claims involved in this litigation.

 In order to have standing to sue a motor carrier under the Truth–in–Leasing regulations, a plaintiff must first suffer economic injury as a result of the alleged violation. *Rivas v. Rail Delivery Serv., Inc.,* 423 F.3d 1079, 1083 (9th Cir.2005); *see Owner–Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.,* 213 F.R.D. 537, 546 (W.D.Mo. 2002) (stating that only plaintiffs who have "sustained damages as a result of a violation" have an action to recover from a carrier), *aff'd,* 339 F.3d 1001, 1011–12 (8th Cir.2003). In this case, the determination of whether a putative class member has sustained economic injury raises a host of individualized issues which preclude certification under Rule 23(b)(3). For instance, as stated by the Eighth Circuit in a similar case:

> Neither [defendant] would be liable for returning funds if, for example, the Owner–Operator did not have a positive balance in his escrow account or the funds owed to the Owner–Operator were offset by other monies owed to [the defendant

motor carrier]. To make such determinations, a court would be required to examine each individual class member's account, including offsets, advances, and other items. Recovery for any plaintiff would be based on individual, not common, questions of fact. Therefore, we ... agree that questions affecting individual class members would predominate over common questions of law and fact.

*New Prime*, 339 F.3d at 1012 (affirming district court's denial of class certification on facts that are strikingly similar to the instant case); *accord Swift Transp. Co.*, 2006 WL 2521183, at *4 ("[T]he Court concludes ... that the predominance element is not satisfied because proof of the defendants' liability is subject to a significant extent to a set of facts and circumstances that is not common to the proposed class as a whole."). Thus, even assuming that FFE used formulaic lease agreements and engaged in a standard practice with respect to the administration of escrow funds and charge-backs, FFE's liability must still be determined on a individualized basis. The Court, therefore, finds that individualized issues predominate over issues that are common to the class. As a result, certification under Rule 23(b)(3) is inappropriate.

Plaintiffs argue that individualized issues relating to damages cannot preclude certification under Rule 23(b)(3). In support of this contention, Plaintiffs cite *Bertulli v. Indep. Ass'n of Continental Pilots*, 242 F.3d 290 (5th Cir.2001), in which the Fifth Circuit held that the need for calculating damages on a individual basis did not defeat class certification under Rule 23(b)(3) when "every issue prior to damages is a common issue." The Court, however, finds that *Bertulli* is inapposite. Here, the need for individualized inquiries goes beyond mere quantification of damages; rather, individualized inquiries are necessary to determine issues of standing and liability. Thus, here, not every issue prior to damages is a common issue; instead, individualized issues permeate throughout the case.

### B. Rule 23(b)(2)

Alternatively, Plaintiffs argue that a class action is appropriate under Rule 23(b)(2) because the Plaintiffs seek class-wide injunctive and declaratory relief. This position is also untenable.

■ Certification under Rule 23(b)(2) is appropriate only for classes seeking injunctive or declaratory relief; certification under (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998) (quoting the advisory committee notes to Rule 23). The Fifth Circuit has explained that "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." *Id.* at 415. Monetary relief is incidental only when "damages ... flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." *Id.* (emphasis in original). Furthermore, "[l]iability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case, [nor should it] introduce new and substantial legal or factual issues [or] entail complex individualized determinations." *Id.*

As previously discussed, Plaintiffs' damage claims seek monetary amounts that must be determined on an individualized, as opposed to a group, basis. Because the amount of damages owed each putative class member must be determined according to the particular circumstances surrounding that member's claim, the calculation of damages would entail highly individualized inquiries. Such damages are not considered incidental by the Fifth Circuit. *See Allison*, 151 F.3d at 418 ("Given the degree to which recovery of compensatory and punitive damages requires individualized proof and determinations, they clearly do not qualify as incidental damages in this case."). Accordingly, certification under Rule 23(b)(2) is also not appropriate.

### CONCLUSION

The Court finds that issues relating to individual putative class members predominate over issues common to the class as a

whole. Accordingly, the Court denies Plaintiffs' motion for class certification.