**Donald O. BOOS, et al., on behalf of themselves and all other persons similarly situated, Plaintiffs,**

v.

**AT & T, INC., Bellsouth Corporation and the Bellsouth Telephone Concession Plan, Defendants.**

Civil Action No. 07–CV–727–WWJ.

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 18, 2008.

Order Modifying Class Certification
Sept. 17, 2008.

R. Joseph Barton of Cohen Milstein Hausfeld & Toll, P.L.L.C., Washington DC, Marc I. Machiz of Cohen Milstein Hausfeld & Toll, P.L.L.C., Philadelphia, PA, Renea Hicks, Austin TX, for Plaintiffs.

Patrick Shea and Deborah Hryb of Paul, Hastings, Janofsky & Walker LLP, New York City, Geoffrey Amsel of AT & T Inc., San Antonio, TX, for Defendants.

### MEMORANDUM AND ORDER

WILLIAM WAYNE, Senior District Judge.

Before the Court is Plaintiffs' Motion for Class Certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs in this action are Donald O. Boos, Wanda N. Myers, and Barbara B. Phillips, all retirees of Defendant BellSouth Corporation, which is now a subsidiary of Defendant AT & T, Inc. Plaintiffs bring this action on behalf of themselves and a putative class (Docket No. 33.) Through this action, they seek civil enforcement under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2004), against BellSouth Corporation and AT & T, Inc., alleging that (1) a benefit known as telephone concession, which was provided to certain employees of BellSouth after retirement, constitutes a defined benefit pension plan under ERISA (hereinafter, "plan claims"); and (2) that Defendants violated ERISA in administering and maintaining the telephone concession plan (hereinafter, "benefit claims").

Plaintiffs move that: (1) the plan claims class consists of themselves, along with current employees, former employees, and retirees eligible to receive the telephone concession outside the Defendants' local service areas; and (2) the benefit claims class consists of all participants and beneficiaries of the telephone concession plan.

Plaintiffs' Motion for Class Certification is unopposed. Nevertheless, pursuant to Federal Rule of Civil Procedure 23(c)(1)(A), "the court must determine by order whether to certify the action as a class action...." The Fifth Circuit has also held that in order to certify a class, a district court must specifically find that the proposed class satisfies the requirements of Rule 23. *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004).

Having considered the motion and response, this Court finds that Plaintiffs' proposed class is sufficiently defined and meets the requirements of Federal. Rules of Civil Procedure 23(a) and (b). For the reasons stated herein, Plaintiffs' motion is **GRANTED.**

### A. Fed. Rule Civ. P. 23(a)

The requirements of Rule 23(a) are: (1) numerosity, (2) common questions of law or fact, (3) typicality of the claims of the representative plaintiffs, and (4) adequacy of representation by the named plaintiff Plaintiffs have satisfied the requirements of maintaining a class action of Federal Rule of Civil Procedure 23(a).

The two classes are intricately connected. Once the plan claims class is certified, if the Court then finds that the telephone concession plan is an ERISA pension plan, then members of the plan claims class shall seek the benefit claims and will thus need to be certified as the benefit claims class. The propriety of doing so has been addressed before both by the Fifth Circuit and this Court. *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Circuit 2001); *Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 450 (W.D.Tex.2006). For the sake of simplicity, and given the relationship between the proposed classes, they shall be treated together for the Rule 23(a) analysis, although the Court notes that this is not a

322

judgment on the merits of the claims themselves.

### 1. *Numerosity*

■ Rule 23(a)(1) states that the moving party must show that "the class is so numerous that joinder of all parties is impracticable." Plaintiffs have met this burden. To determine impracticability, the court may consider the following circumstances, among others: class size, geographic diversity of the class, and the ability to identify class members for the purpose of joinder. *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624 (5th Cir.1999); *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir.1981).

In examining class size, the Fifth Circuit has found that classes numbering in the hundreds are sufficiently numerous to render joinder of all parties impracticable. *Mullen,* 186 F.3d at 624 (explaining that a class of 100 to 150 generally satisfies the numerosity requirement). Plaintiffs' proposed class consists of current employees, former employees, and retirees who are eligible to receive the telephone concession outside of the Defendants' local service area. According to Defendants' answers to interrogatories, 7,610 retirees and 26,790 current employees are eligible for the telephone concession plan. Plaintiffs' proposed class, therefore, meets the numerosity requirement.

Along with class size, courts also turn to geographic diversity in order to assess numerosity. Within the Fifth Circuit, the district courts have taken a permissive view with regards to geographic diversity. *See, e.g., Choice Inc. of Tex. v. Graham,* No. Civ.A. 04–1581, 2005 WL 1400408, at *3 (E.D.La. June 3, 2005) (finding that class representatives residing in two different states provides adequate geographic diversity); *Ibarra v. Tex. Employment Comm'n,* 598 F.Supp. 104, 108 (E.D.Tex.1984) (finding that class members "dispersed throughout Texas" provides adequate geographic diversity). Plaintiffs' proposed class members reside in Pennsylvania, Alabama, and South Carolina, among other places, and the class is thus geographically diverse. (Pls.' Mot. Mem. 7.)

Additionally, courts will turn to the parties' ability to identify the class members, in order to determine whether the class is so numerous as to be impractical The "inability to readily ascertain [class members'] identities weights heavily in favor" of finding that joinder is impracticable. *In re Dynegy, Inc. Secs. Litig.,* 226 F.R.D. 263, 286 (S.D.Tex. 2004); *see also Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d at 1038 (stating that one factor to determine numerosity and impracticability is "the ease with which class members may be identified"). Plaintiffs have requested discovery to establish a more exact counting of the class members, but Defendants have not been able to provide this information. (Pls.' Mot. Mem. at 8.) As a result, neither party is able to identify the class members. The inability of either party to readily or easily identify all the class members illustrates the impracticability of joinder, and Plaintiffs have thus met the requirement of impracticability.

Plaintiffs have demonstrated that their proposed class is large and geographically diverse and that it is difficult for either party to identify all of the class members; therefore, they have fulfilled the numerosity and impracticability requirements of Federal Rule of Civil Procedure 23(a)(1).

### 2. *Common Questions of Law or Fact*

■ Plaintiffs' proposed class members share questions of law and fact, meeting the commonality requirement of Rule 23(a)(2). Rule 23(a)(2) is satisfied if there are "questions of law or fact common to the class." The commonality requirement is met if there exists a single legal question which "affect[s] all or a significant number of the putative class members," *Lightbourn v. County of El Paso,* 118 F.3d 421, 426 (5th Cir.1997). Moreover, "[t]he threshold of 'commonality' is not high.... [T]he rule requires only that resolution of the common questions affect all or a substantial number of the class members." *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 472 (5th Cir.1986).

In the instant action, the legal questions are identical for all members of the class— whether the telephone concession for retirees

constitutes a pension plan under ERISA. (Pls.' Mot. Mem. 10.) Furthermore, the class members must all prove the same set of underlying facts—that they received a telephone concession from Defendants in the form of a monthly cash payment—in order to proceed. Thus, Plaintiffs have met the requirement of 23(a)(2).

### 3. *Typicality of the Claims*

■ Plaintiffs' claims are representative of the claims of the proposed class. Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class...." "The test for typicality, like commonality is not demanding." *Forbush v. J.C Penney Co. Inc.,* 994 F.2d 1101, 1106 (5th Cir.1993). The requirement is satisfied if there is "similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.". *Mullen,* 186 F.3d at 625.

Plaintiffs' claim for relief is identical for all class members. Plaintiffs seek a declaratory judgment dial the telephone concession is a defined retirement benefit plan under ERISA; if the Court finds mat the telephone plan falls under ERISA, plaintiffs then seek injunctive relief. (Compl.¶¶ 2, 138–207.) Moreover, Plaintiffs seek the same declaratory judgment and injunctive relief on behalf of the entire class. *Id.* Therefore, the claims of the proposed class representatives are typical of the entire proposed class.

### 4. *Protection of the Class*

■ The proposed representatives will fairly and adequately represent the class as required by Rule 23(a)(4). In order to satisfy this requirement, Plaintiffs must show that (1) the class representatives share common interests with the class members, and (2) Plaintiffs' counsel must be qualified to vigorously pursue the interests of the class. *Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir.1973).

In examining whether class representatives share common interests with the proposed class members, the Fifth Circuit has held that as long as the proposed representatives have a sufficient stake in the outcome of the litigation and are united in asserting a common right, then the class members' interests are aligned. *Mullen,* 186 F.3d at 625–26 (finding that the class will be adequately protected "because the Named Plaintiffs' interest are identical to the interests of the proposed class" with respect to the legal claims being made). As discussed above, the plan claims, seeking declaratory judgment under ERISA, are identical for all plaintiffs. As for the benefit claims, Plaintiffs' proposed representatives seek the same relief as all members of the class, namely, enforcement of the telephone concession plan. Their interests are thus aligned with the proposed class; therefore, they share common interests with the class members.

Turning next to the adequacy of representation requirement, the Fifth Circuit has held that it "mandates an inquiry into the zeal and competence of the representatives' counsel and into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of the absentees." *Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 484 (5th Cir.1982), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983).

Plaintiffs have retained experienced counsel, whom this Court has previously found qualified to represent a class. *Stoffels,* 238 F.R.D. at 446. Having litigated *Stoffels,* Plaintiffs' counsel are familiar with and have experience in litigating virtually identical claims. Furthermore, each of the proposed class representatives has certified that they understand their duties as class representatives and that they will act in accordance with those duties. (Pls.' Mot. Mem. 15.) As such, the class is adequately represented by counsel, and the proposed representatives will zealously pursue the claims of and adequately represent the class with whom they share a common interest.

Plaintiffs have thus successfully shown that their proposed class meets all of the requirements set forth in Rule 23(a), which are the prerequisites for class certification. The Court now turns to certifying the nature of the class itself, pursuant to Rule 23(b).

B. *Rule 23(b)*

A class action suit must not only meet the requirements of Rule 23(a) but must also meet one or more of the conditions in Rule 23(b), which gives three different mechanisms for class certification. Parties may seek certification under 23(b)(1) in order to have uniformity of judgment on behalf of the entire proposed class, under Rule 23(b)(2) if they seek injunctive and declaratory relief, or under Rule 23(b)(3) if they seek monetary damages.

The Court notes its responsibility to "conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir.2002) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). The Court must take special care in doing so, as the ultimate decision to certify the class under a particular subsection informs the notice and opt-out rights of each putative class member, as well as each class-member's future opportunity to opt out and litigate on his own behalf. Fed.R.Civ.P. 23(c)(2).

After careful analysis, the Court accepts Plaintiffs' request to certify the plan claims under Rule 23(b)(1) or 23(b)(2), and certify the benefit claims under Rule 23(b)(3). Such divided certification is appropriate only where it permits fair presentation of the claims and defenses and materially advances the disposition of the litigation as a whole, *Robinson v. Metro–N. Commuter R.R.*, 267 F.3d 147, 167 n. 12 (2d Cir.2001), *cert. denied*, 535 U.S. 951, 122 S.Ct. 1349, 152 L.Ed.2d 251 (2002). In the instant action, certifying the plan claims under 23(b)(1) and (b)(2) will allow consistent treatment of both class members and non-class members and will provide Defendants with a single standard of conduct upon resolution of this case. Perhaps most importantly, it will provide a single, definitive answer to the dispute over whether the telephone concession plan is, in fact, an ERISA plan. Should the Court make that finding, certifying the benefit claims under Rule 23(b)(3) will provide notice to each member eligible for benefits under that plan and will also provide them with an opportunity to opt out, thereby protecting their interests. *See Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d at 298 (holding that the district court did not "abuse its discretion in finding the representatives to be adequate.... Further, since this is a 23(b)(3) class, dissatisfied class members have the right to opt out of the class").

1. *The Plan Claims Class*

The Court notes that within the Fifth Circuit, classes have been certified under more than one provision of Rule 23(b). *Humphrey v. United Way of Tex. Gulf Coast*, 2007 WL 2330933, at *8 (S.D.Tex. Aug. 14, 2007); *Stoffels*, 238 F.R.D. at 449; *In re Enron Corp.*, Civ.A. H–01–3913, 2006 WL 1662596, at *18 (S.D.Tex. June 7, 2006).

Plaintiffs request, and Defendants do not oppose, that the plan claims class be certified under 23(b)(1) and 23(b)(2). "[T]here is strong precedent for the proposition. that where a class is certifiable not only under Rule 23(b)(1) and/or Rule 23(b)(2), but also under Rule 23(b)(3), the court should certify it under (b)(1) or (b)(2)." *In re Enron Corp.*, 2006 WL 1662596, at *18 (S.D. Tex. June 7, 2006) (citing *Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir.1978); *Robertson v. Nat'l Basketball Ass'n*, 556 F.2d 682, 685 (2d Cir.1977); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir.1976)). As the courts have shown a preference for certification under (b)(1) and (b)(2), and given the lack of opposition, this Court shall not address whether the plan claims class is certifiable under (b)(3).

a. *Certification under Rule 23(b)(1)*

■ Federal Rule of Civil Procedure 23(b)(1) states that certification is appropriate when:

the prosecution of separate actions by or against individual members of the class would create a risk of: (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not party to the

adjudications or substantially impair or impede their ability to protect their interests.

The Court finds that prosecution of separate actions concerning members of this class would, as a practical matter, create risks of inconsistent adjudications. If separate suits were brought in different courts regarding whether the benefit alleged here is an ERISA plan, there is a risk that the different courts may make different findings. *Stoffels*, 238 F.R.D. at 457; *Musmeci v. Schwegmann Giant Super Mkts.*, No. Civ.A. 97–2757, 2000 WL 1010254, at *4 (E.D.La. July 20, 2000). This result would nave the effect of creating inconsistent standards of conduct for Defendant, as they would be required to provide ERISA benefits to some participants but not to others. Additionally, similarly situated plaintiffs may be treated differently. "If separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent," which the Fifth Circuit considers an undesirable result. *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978). To avoid such possible disparities in treatment of the class members, the plan claims, which seek to establish that the telephone concession plan is an ERISA plan, are appropriately certified under Rule 23(b)(1).

For the same reasons as stated above, the Court finds that proceeding with separate actions would result in adjudications which, as a practical matter, would be dispositive of the interests of other class members who are not a party to this action. Rule 23(b)(1)(B) is appropriate for any lawsuit which, if litigated individually, "would have the practical if not technical effect of" concluding or impairing the interests of persons who are not parties to the lawsuit. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999). Whether the telephone concession constitutes a unitary ERISA plan, for which Defendant is responsible, will affect all individuals, class members and non-classmembers, who satisfy the averred eligibility criteria under the program. Therefore, resolution of this threshold issue with respect to class members will be dispositive of the interests of non-members regarding the benefits due them, according to the outcome of this adjudication,

### b. *Certification under Rule 23(b)(2)*

█ The Court may certify a class under 23(b)(2) if the Defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R.Civ.P. 23(b)(2). Certification pursuant to 23(b)(2) is also appropriate where the relief sought is broad, because these actions involve "uniform, group remedies." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 414 (5th Cir.1998).

In the current case, the contested conduct is whether Defendants have complied with ERISA in the establishment, maintenance, management, and administration of the plan. (Comp. & Anw. ¶¶ 139, 142, 145, 148, 151, 155.) Individualized hearings are not required because any remedy will be on behalf of and will be paid to the plan. (Pls.' Mot. Mem. at 20.) As a result, the class is properly certifiable under 23(b)(2).

### 2. *The Benefit Claims Class*

█ This Court finds that the benefit claims class is appropriately certified under Rule 23(b)(3), which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

The Fifth Circuit has held that "predominance" requires that the "common issues constitute a significant part of the individual cases." *Mullen*, 186 F.3d at 626. With regards to an ERISA claim, "[t]he interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Forbush*, 994 F.2d at 1106 (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir.1982)). This Court has also previously found that common issues predominate in a claim for ERISA benefits. *Stoffels*, 238 F.R.D., at 458. As discussed previously, Plaintiffs seek the same relief under the same legal theories on

behalf of the entire class, thereby working under a common issue of law. (Pls.' Mot. Mem. at 23.) The benefit claims class thus meets the predominance requirement of 23(b)(3).

■ Turning next to the superiority requirement, a class action is the superior method of resolving a claim if class certification would be an efficient means of adjudicating the claim. *O'Sullivan v. Countrywide Home Loans, Inc.,* 319 F.3d 732, 737 (5th Cir.2003). Courts within the Fifth Circuit have concluded that class certification is efficient if it would save time and money. *Lonergan v. A.J.'s Wrecker Serv. of Dallas,* 1999 WL 527728, at *6 (N.D.Tex. July 8, 1999); *Stoffels,* 238 F.R.D. at 459. Moreover, the Supreme Court has recognized that small claims are ideally suited for class action treatment, as individuals may lack the incentive to litigate such claims, and class certification was intended to and does provide strength in numbers. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *see also Stoffels,* 238 F.R.D. at 459 (finding that small claims are ideally suited for class action treatment "by aggregating relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor"). As each individual plaintiff's desired relief is small, *see* Ex. D ¶¶ 2–4, this Court is skeptical that all of the potential class members would undertake the time and expense required to bring individual ERISA benefits claims. The Court therefore finds that proceeding as a class action is superior to other available methods of adjudication.

For the reasons stated above, Plaintiffs have successfully demonstrated that divided certification is appropriate. This Court is satisfied that the plan claims class is best certified under Rule 23(b)(1) and (b)(2), while the benefit claims class is best certified under 23(b)(3).

### CONCLUSION

Accordingly, for the reasons stated above, the Court finds that Plaintiffs satisfy all four prerequisites of Rule 23(a), as well as the requirement of Rule 23(b). Therefore, it is

**ADJUDGED,** that Plaintiffs' Motion to Certify a Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, shall be and is hereby, **GRANTED,** as stated previously.

It is further **ORDERED** that this matter will proceed as a class action for:

1) the plan claims class, consisting of the named Plaintiffs, as well as current employees, former employees, and retirees eligible to receive the telephone concession outside the Defendants' local service areas, is certified under 23(b)(1) and (b)(2); and

2) the benefit claims class, which consists of all participants and beneficiaries of the telephone concession plan who would seek the benefits claims pursuant to ERISA, 29 U.S.C. § 1001–1461, against the plan, is certified under 23(b)(3).

It is further **ORDERED** that Donald Boos, Wanda Myers, and Barbara Phillips are appointed as class representatives for both the plan claims and benefit claims classes.

It is further **ORDERED** that Cohen Milstein Hausfield & Toll, P.L.L.C. are appointed as lead class counsel, and Renea Hicks is appointed as liaison class counsel.

It is further **ORDERED** that pursuant to Federal Rule of Civil Procedure 23(c), the parties submit to the Court, not later than fifteen calendar days from the entry of this Order, a proposed order to direct to the members of the benefit claims Class, that is "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

### ORDER MODIFYING THE ORDER ON CLASS CERTIFICATION

Before the Court for consideration is the Parties' Joint Motion to Modify the Class Certification Order and Joint Submission Regarding Notice to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Docket No. 40) Having considered the motion, it is hereby ORDERED that:

1. The Memorandum & Order (Docket No. 39) dated August 18, 2008, is modified as follows:

(a) The "Plan Claims" which were certified under Rule 23(b)(1) and Rule 22(b)(2)

of the Federal Rules of Civil Procedure shall be defined to include all claims against Defendants AT & T and Bell-South Corporation alleging violations of ERISA in establishing, administering, and maintaining the telephone concession plan.

(b) The "Benefit Claims" shall be defined to mean the ERISA § 502(a)(1)(B) claims alleged against the Defendants.

(c) The Benefit Claims Class, which consists of all participants and beneficiaries of the telephone concession, plan who would seek the benefit claims for declaratory rights regarding future benefits against the plan, is certified under Rule 23(b)(2).

2. (a) No notice needs to be provided to any members of the Benefit Claims Class until after the resolution of the question "whether the 'Telephone Concession' is an ERISA Plan" in Phase 1 of the trial,

(b) Within 15 calendar days of the Court's decision in Phase I of the trial, the Parties shall address whether Notice should be provided to the Benefit Claims Class and shall submit any proposed forms of Notice to the Court.