**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBERT GENTRY; JOSEPH SKAF;
JONATHAN CARD; JACK HERNANDEZ,

   *Plaintiffs-Appellants,*

     v.

ALFRED H. SIEGEL, solely in his
capacity as trustee of the Circuit
City Stores, Inc. Liquidating Trust,

   *Defendant-Appellee.*

           No. 10-2418

NATIONAL ASSOCIATION OF
CONSUMER ADVOCATES; NATIONAL
ASSOCIATION OF CONSUMER
BANKRUPTCY ATTORNEYS,

   *Amici Curiae.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:10-cv-00567-HEH)

Argued: December 6, 2011

Decided: February 2, 2012

Before NIEMEYER, SHEDD, and DAVIS, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Shedd and Judge Davis joined.

---

**COUNSEL**

**ARGUED:** Michael C. Righetti, RIGHETTI GLUGOSKI PC, San Francisco, California, for Appellants. Robert J. Feinstein, PACHULSKI STANG ZIEHL & JONES LLP, New York, New York, for Appellee. **ON BRIEF:** Matthew Righetti, RIGHETTI GLUGOSKI PC, San Francisco, California; Jason Krumbein, KRUMBEIN CONSUMER LEGAL SERVICES, INC., Richmond, Virginia, for Appellants. Gregg M. Galardi, Ian S. Fredericks, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Wilmington, Delaware; Lynn Tavenner, Paula S. Beran, TAVENNER & BERAN, PLC, Richmond, Virginia, for Appellee. Irv Ackelsberg, LANGER GROGAN & DIVER, PC, Philadelphia, Pennsylvania, for Amici Curiae.

---

**OPINION**

NIEMEYER, Circuit Judge:

Robert Gentry, Joseph Skaf, Jonathan Card, and Jack Hernandez (collectively, "Named Claimants") filed "class proofs of claim" in these consolidated bankruptcy cases (the "bankruptcy case") in which Circuit City Stores, Inc. and related entities are the debtors (collectively "Circuit City"). Each proof of claim asserted that it was filed for the Named Claimant as a former employee of Circuit City and on behalf of a class of other former employees similarly situated (collectively, "unnamed claimants"). These Named Claimants alleged that they, together with the unnamed claimants, were owed almost $150 million in unpaid overtime wages.

After the Trustee objected to the class proofs of claim, the Named Claimants filed a motion under Federal Rule of Bankruptcy Procedure 9014 to make Bankruptcy Rule 7023 (incorporating Federal Rule of Civil Procedure 23 (Class Actions)) applicable to the contested claims.

The bankruptcy court ruled (1) that the Named Claimants were not authorized to file class proofs of claim; (2) that the Rule 9014 motion was untimely filed, having been filed more than a year after the bankruptcy court had closed the time period for filing proofs of claim; (3) that, in any event, the bankruptcy process would be superior to the class action process for handling the claims of the unnamed claimants; and (4) that, in response to the Named Claimants' challenge to the bankruptcy notice given, the unnamed claimants had received constitutionally adequate notice of the bankruptcy proceedings and of the time period within which to file proofs of claim.

The district court affirmed the bankruptcy court's rulings that the bankruptcy process was superior to the class action process for resolving the former employees' claims and that the similarly situated unnamed claimants had received sufficient notice of the bankruptcy process.

On the Named Claimants' appeal, which raises all of the issues decided by the bankruptcy court and presented to the district court, we affirm. We do so, however, with a different procedural approach for allowing claimants to file class proofs of claim and to present Rule 9014 motions. With respect to the bankruptcy court's ruling that in the circumstances of this case, the bankruptcy process would provide a process superior to the class action process for resolving the claims of former employees, we conclude that the court's ruling fell well within its discretion. Finally, with respect to these Named Claimants' challenge to notice, we conclude that the notice to them was not constitutionally deficient—a conclusion with which they agree—and that, with respect to the

unnamed claimants, the Named Claimants lack standing to challenge the notice.

I

Each of the Named Claimants commenced a class action against Circuit City Stores, Inc., in California state court. Robert Gentry filed his class action in 2002, defining a class of all salaried customer service managers at Circuit City stores in California for the period between 1998 and March 2001. He alleged that Circuit City had failed to pay him and the putative class members overtime wages, in violation of California state law. In defending that action, Circuit City sought to enforce an arbitration agreement between Circuit City and the employees that included a provision banning class arbitration, and this issue had been litigated up to the California Supreme Court and was pending after remand at the time Circuit City filed its bankruptcy petition. *See Gentry v. Superior Court*, 165 P.3d 556 (Cal. 2007). At that time, no class had been certified in the *Gentry* case, and the case was stayed by operation of law with the filing of the bankruptcy petition.

Each of the other three Named Claimants commenced a similar class action against Circuit City Stores, Inc. Jack Hernandez filed his complaint in April 2008 on behalf of salaried store managers in California who worked between 2004 and the 2008 date when he filed his complaint. Jonathan Card filed his class action in November 2008, a few days before Circuit City filed its bankruptcy petition. Joseph Skaf filed his class action on December 19, 2008, over a month after Circuit City's bankruptcy petition had been filed. Card and Skaf sought to represent various groups of Circuit City employees in California, who were employed during the four years before November and December 2008, respectively.

Circuit City filed its bankruptcy petition initially under Chapter 11 for reorganization. A month after Circuit City

filed its petition, the bankruptcy court entered an order, dated December 10, 2008, fixing 5:00 p.m. Pacific time on January 30, 2009, as the deadline ("the bar date") for filing proofs of claim arising before the petition date and warning that proofs of claim filed after that date would be deemed extinguished. The bankruptcy court also approved the contents of notice to interested persons, which described the bankruptcy procedures and announced the bar date. Specially retained agents of Circuit City served the notice on December 19, 2008, to over 370,000 interested persons, including all Circuit City employees for the three years prior to the petition date, the Named Claimants, counsel for the Named Claimants, and any other parties with pending litigation or employee grievance claims against Circuit City and its related debtors. Circuit City's agents also posted the notice in the *Wall Street Journal* and in the newspaper of general circulation in Richmond, Virginia, where Circuit City's home office was located.

Gentry, Card, and Hernandez filed proofs of claim on January 13, 2009, alleging that the amounts claimed by them were priority claims, and they filed their claims not only for themselves, but purportedly on behalf of "all those similarly situated," as alleged in the California state class litigation. They attached copies of their state complaints and claimed in their proofs of claim damages of roughly $7 million, $22 million, and $24 million, respectively. Skaf filed a similar class proof of claim on January 30, 2008, claiming damages of roughly $95 million.

In June 2009, Circuit City filed an objection to the Gentry and Hernandez class proofs of claim on the ground that the Named Claimants asserted priority claims. In August 2009, Circuit City objected to the Card and Skaf class proofs of claim on the ground that it was not liable for any amount sought in any pending litigation. In February 2010, Circuit City supplemented its previous objections by adding an objection to each of the class proofs of claim on the basis that the Named Claimants had failed to seek authorization from the

bankruptcy court under Rules 9014 and 7023 to certify a class and act as an agent for the unnamed claimants in filing class proofs of claim.

The bankruptcy court conducted a hearing on March 25, 2010, during which it addressed numerous issues, including the Named Claimants' request for class discovery and class disposition of the claims. The bankruptcy court determined that discovery was not necessary because the Named Claimants had not succeeded with their motion under Rule 9014 to make Rule 7023 (incorporating Civil Rule 23) applicable to the contested matters. The court noted that the Rule 9014 motion had to be decided on a "threshold basis" and that the decision whether to grant the motion and apply Rule 7023 rested solely on the interaction between class action procedures and the administration of the bankruptcy estate.

Within a week of the hearing, the Named Claimants filed a motion under Rule 9014 to make Rule 7023 applicable to their proofs of claim, as suggested by the bankruptcy court at the hearing. Circuit City opposed the Rule 9014 motion, arguing that it was untimely, coming a year after the bar date, and that, in any event, the bankruptcy claims process was superior to the class action process for addressing the claim.

Following oral argument, the bankruptcy court entered an opinion and order, dated April 15, 2010, denying the Named Claimants' Rule 9014 motion. The court ruled that the Named Claimants were not authorized to file *class* proofs of claim and that their Rule 9014 motion to apply Rule 7023 was untimely. The court further found that even if the Named Claimants were authorized to file class proofs of claim and had timely filed their Rule 9014 motion, it would nonetheless deny the motion because the class action process would be inferior to the claims resolution process established by the bankruptcy court and would unduly complicate the administration of the bankruptcy estate. Finally, the court held that Circuit City had provided putative class members with consti-

tutionally sufficient notice regarding the bankruptcy claims process and the bar date.

The Named Claimants appealed the rulings to the district court, and the district court held that the bankruptcy court had not abused its discretion in determining that the bankruptcy claims process was superior to the class action process in denying the Rule 9014 motion. The court also ruled that the unnamed claimants received constitutionally sufficient notice because they were either given actual notice or were "unknown creditors," for whom notice by publication was sufficient. Based on these two rulings, the district court affirmed the bankruptcy court's denial of the Rule 9014 motion and its refusal to allow the Named Claimants to pursue class actions.

The Named Claimants appealed to this court, raising all of the issues that they presented to the district court.

II

The Named Claimants' efforts to pursue class actions in this bankruptcy case reveal gaps in the Bankruptcy Rules and raise some difficult procedural issues about the manner in which the Bankruptcy Rules provide for class actions in bankruptcy cases, as authorized by Rules 7023 and 9014.

To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy *case* is commenced by the filing of a petition. Fed. R. Bankr. P. 1002(a). Within the case, a creditor may file a *proof of claim*, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a *contested matter*. *See* Fed. R. Bankr. P. 9014 advisory committee's note; *In re American Reserve*, 840 F.2d 487, 488 (7th Cir. 1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An *adversary proceeding* in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a *complaint*.

Fed. R. Bankr. P. 7001, 7003. In addition, any objection to a proof of claim that asserts a claim for relief of the kind listed in Rule 7001 may serve as a complaint commencing an adversary proceeding. *See* Fed. R. Bankr. P. 3007.

Rule 7023, which falls within Part VII of the Bankruptcy Rules governing adversary proceedings, provides simply, "Rule 23 F. R. Civ. P. applies in adversary proceedings." Recognizing that not all disputed matters in a bankruptcy case rise to the level of an adversary proceeding, Rule 9014, which applies only to "contested matters," designates certain adversary-proceeding rules that automatically apply to "contested matters." While the list does not include Rule 7023, Rule 9014 also authorizes the bankruptcy court, on motion, to make "one or more of the other rules in Part VII" applicable to contested matters, which includes Rule 7023.[1]

The Bankruptcy Rules addressing proofs of claim are silent about whether creditors, who wish to represent a class of similarly situated unnamed claimants, can file *class* proofs of claim. Rule 3001, which addresses proofs of claims, authorizes "the creditor *or the creditor's authorized agent*" to file

---

[1]It is not completely clear that Civil Rule 23 could ever be applied to *a contested matter*. A contested matter in a bankruptcy case is any disputed matter, typically resolved simply by a motion and a bankruptcy court order. *See* Fed. R. Bankr. P. 9013. Because that process appears to be intended as a simple process, even though involving sometimes a hearing and testimony, it is difficult to conceive how the complex Civil Rule 23 process could be applied; the contested matter process could become a procedural quagmire, morphing it into an adversary proceeding. Of course, for adversary proceedings, a Rule 9014 motion would appear not to be necessary inasmuch as Rule 7023 already authorizes the application of Civil Rule 23 to an adversary proceeding.

In this case, the Named Claimants did not file a complaint to commence an adversary proceeding. *See* Fed. R. Bankr. P. 7003; *Reid v. White Motor Corp.*, 886 F.2d 1462, 1470 & n.8 (6th Cir. 1989). They only filed proofs of claim. For purposes of our holding, we assume, without deciding, that the Civil Rule 23 process could be applied to the resolution of a contested matter.

a proof of claim, saying nothing about whether a creditor can file for himself and a class of others similarly situated. Fed. R. Bankr. P. 3001.

The four Named Claimants in these cases have sought to represent four classes of several hundred similarly situated former Circuit City employees to pursue claims for overtime wages against the bankruptcy estate. Accordingly, each Named Claimant filed a "class proof of claim" for himself and for other former employees similarly situated, attaching to their proofs of claim previously filed state court class-action complaints to support their effort. When the claims were objected to, they became contested matters, and the Named Claimants filed a Rule 9014 motion to make Rule 7023 applicable to the contested matters. The Named Claimants, of course, had to recognize that if the Rule 9014 motion were to be denied, then the unnamed claimants would be required to file individual proofs of claim if they wished to pursue their claims against the bankruptcy estate at all.

The Trustee has challenged the Named Claimants' approach, insisting on a strict application of the Bankruptcy Rules. First, he contends that proofs of claim may only be filed by creditors or authorized agents of creditors and therefore may not be filed on behalf of other unnamed creditors in the form of a class proof of claim. In the absence of a class having been certified before the bankruptcy petition was filed, the four Named Claimants could not, the Trustee argues, assert that they were "authorized agents" for the unnamed claimants with authority under Rule 3001 to file class proofs of claim for the unnamed claimants. Second, the Trustee asserts that a Rule 9014 motion must be filed before a class proof of claim is filed in order to authorize the filing of class claims by a representative agent.

The logical conclusion of the Trustee's strict reading of the Bankruptcy Rules, however, is that Named Claimants might never be able to pursue a class action. Under the Trustee's

view, because *class* proofs of claim may not be filed except following a Rule 9014 order approving application of the class action rules and because Rule 9014 is applicable only to contested matters, it follows that a class proof of claim can never be filed because it is not "a contested matter" when filed. And if a class proof of claim cannot be filed, then unnamed claimants who have not filed proofs of claim cannot be parties to the bankruptcy case. The Trustee's position would presumably require that *all* creditors file individual proofs of claim and then, if those claims become so numerous and so similar as to justify class action treatment, the creditors could seek to commence a class action under Rule 7023. This take on the Bankruptcy Rules would likely preclude virtually all class actions in bankruptcy cases.

We conclude that the Trustee's construction of the Bankruptcy Rules is unduly cramped and unsuited for application by a court in equity seeking, by application of the Bankruptcy Rules, to accomplish the purposes of the Bankruptcy Act. The Bankruptcy Rules are tools, which include Rule 7023 and derivatively Civil Rule 23, by which the bankruptcy court as a court of equity is to accomplish the Act's purposes. *See Katchen v. Landy*, 382 U.S. 323, 327 (1966) (noting that in carrying out the core functions of administering debtor's estates, bankruptcy courts sit as "essentially courts of equity"); *Montgomery Ward & Co. v. Langer*, 168 F.2d 182, 187 (8th Cir. 1948) (noting that "the class action was an invention of equity"). In the absence of some prohibiting rule or principle, the Bankruptcy Rules should be construed to facilitate creditors' pursuit of legitimate claims and to allow Civil Rule 23 to be applied if doing so would result in a more practical and efficient process for the adjudication of claims.

The Named Claimants in this case have sought to employ Civil Rule 23 to adjudicate the claims of numerous former and similarly situated Circuit City employees. As they initiated their efforts, the Named Claimants *proposed* to represent a class in class proofs of claim, and the allegations they made

to justify the class claim could only have been conditional, as any class process was subject to their demonstrating justification and the court's approval. Pending approval, therefore, the Named Claimants were *putative* agents of the similarly situated unnamed claimants. Just like a Civil Rule 23 class action, the proposed class representation in bankruptcy is putative, subject to court approval, and thus anticipates a retrospective application of the approval, if given. As the Seventh Circuit has noted:

> Not every effort to represent a class will succeed; the representative is an agent only if the class is certified. Putative agents keep the case alive pending the decision on certification. *See [U.S. Parole Comm'n v.] Geraghty*[, 445 U.S. 388 (1980)]; cf. *American Pipe [& Constr. Co. v. Utah*, 414 U.S. 538 (1974)] (the filing of a class suit suspends the statute of limitations for all members of the class, even though the district court does not certify the class originally requested).

*In re American Reserve*, 840 F.2d 493 (7th Cir. 1988).

Because the Bankruptcy Rules accept the notion that class action rules may, in appropriate circumstances, be employed in a bankruptcy case, we conclude that they therefore necessarily embrace the notion that the proposal to represent a class is tentative pending approval. And with that notion comes the equally necessary propositions that if the proposal is approved, the approval relates back to when it was made, and if it is rejected, the putative class members must be given time after the court's rejection to file individual proofs of claim. Stated otherwise, by recognizing class actions, the Bankruptcy Rules also recognize that putative class representatives can keep the class action process alive until the court decides the issue. Thus, we conclude that Rule 3001 should be construed to allow class proofs of claim, at least on a tentative basis, until the court rejects the class-action process.

In so construing Rule 3001, we function with the same flexibility that Rule 3001 does in construing 11 U.S.C. § 501. Section 501 of the Bankruptcy Code, authorizing creditors to file proofs of claim to obtain distributions from a bankruptcy estate, provides simply that "[a] creditor or an indentured trustee may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C. § 501(a). If that provision were to be construed strictly, it would make no accommodation for agents or putative agents to file proofs of claim on behalf of creditors, other than those agents specifically enumerated in § 501. Yet, Rule 3001 authorizes agents *generally* to file proofs of claim on behalf of creditors.

We agree with the Seventh Circuit's conclusion that the authorization for the filing of proofs of claim should not be construed strictly. *See In re American Reserve*, 840 F.2d at 492-93 (noting that a strict ruling would effectively undermine the application of the class action rule). Thus, if proofs of claim may be filed by *agents* of creditors, they may also be filed by *putative agents* on a conditional basis. Reaching such a conclusion serves the same procedural goal that is served by allowing agents to file proofs of claims on behalf of creditors. We thus conclude that creditors may file proofs of claims for themselves and as putative agents for members of a class who are similarly situated. But such class proofs of claim serve their function only on a conditional basis. If the court approves class representation, the approval will function retroactively to legitimize the class proof of claim, but if the court rejects such representation, the putative class members will have to file individual proofs of claim. As the Seventh Circuit reasoned:

> If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim; the putative agent never obtains "authorized agent" status. If the court certifies the class, however, the self-appointed agent has become "authorized" and the original filing is effective for the

> whole class (the principals). It follows that there may
> be class proofs of claim in bankruptcy.

*Id.* at 493 (footnote omitted).

In construing the Bankruptcy Rules to permit the filing of a class proofs of claim, we join the vast majority of other courts that have considered the issue. *See Birting Fisheries, Inc. v. Lane* (*In re Birting Fisheries, Inc.*), 92 F.3d 939 (9th Cir. 1996) (per curiam); *Reid*, 886 F.2d at 1470; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); *In re Computer Learning Ctrs., Inc.*, 344 B.R. 79 (Bankr. E.D. Va. 2006); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1 (S.D.N.Y. 2005) (collecting cases); *In re Amdura Corp.*, 170 B.R. 445 (D. Colo. 1994); *but see In re FIRSTPLUS Financial, Inc.*, 248 B.R. 60, 68-73 (Bankr. N.D. Tex. 2000).

Recognizing class proofs of claim has the salutary effect of putting trustees and other parties on notice of the representative claimants' intent to pursue a class action in the bankruptcy case, allowing them to agree or disagree through objections. And the representative claimants can then, upon an indication of an objection, file a Rule 9014 motion to authorize the application of Rule 7023. If the motion is granted, the procedure set forth in Civil Rule 23 would become applicable. Of course, if the bankruptcy court denies the motion, it should then establish a reasonable time within which the individual putative class members are allowed to file individual proofs of claim. *Cf. American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (noting that "the commencement of the original class suit tolls running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status"). But in this case, no unnamed claimant attempted, or indicated an intent, to file an individual proof of claim after the bankruptcy court denied the Named Claimants' class proofs of claim.

In sum, insofar as the bankruptcy court ruled that claimants could not file class proofs of claim without first obtaining an order under Rule 9014, we reverse the ruling.

III

The Trustee contends also that because the Named Claimants' motion under Rule 9014 to apply Rule 7023 was filed after the bar date for filing proofs of claim, the motion was untimely. Additionally, he contends that even if a post-bar-date motion could be considered, the Named Claimants' motion was untimely simply because of the length of time involved. It was filed *over a year* after the bar date and *over six months* after his initial objections to the Named Claimants' proofs of claim were filed.

The Bankruptcy Code and the Bankruptcy Rules, however, offer no support for these arguments. The Bankruptcy Code provides that a creditor "may raise and may appear and be heard on any issue in any case," without imposing any deadlines, 11 U.S.C. § 1109(b), and Rule 9014 provides that a court may apply Rule 7023 "at any stage in a particular matter," Fed. R. Bankr. P. 9014. In addition, Rule 9014 applies only to "contested matters" and, as already noted, a "contested matter" does not arise from a proof of claim until an objection to the claim has been interposed. *See In re Charter Co.*, 876 F.2d at 874-75. In this case, the objection to the proofs of claim as *class* proofs of claim was not filed until February 2010, and shortly thereafter, the Named Claimants filed their Rule 9014 motion.

The Trustee argues that forcing putative class representatives to wait until objections to their class proofs of claim are made will allow debtors in future cases to withhold their objections until the "eve of confirmation and then move to expunge the class claim on the grounds that applying Rule 23 would unduly delay distribution." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 6. Because of the ongoing administration

of the bankruptcy estate by both the bankruptcy court and the trustee, we do not share this concern. The considerations attendant to a decision on Rule 9014 relate to the practicality and efficiency afforded by class action process as distinct from standard bankruptcy process, and we do not think a delay in distribution to other claimants would be a serious consideration if legitimate claims remained open to be resolved. Moreover, as a court of equity, the bankruptcy court has the authority to disallow objections or to deny Rule 9014 motions if they are employed in attempts to engage in some kind of "gotcha" behavior designed to gain an unfair advantage.

At bottom, we also reverse the bankruptcy court's ruling that the Named Claimants' Rule 9014 motion was untimely.

IV

The Named Claimants also contend that the bankruptcy court abused its discretion in ruling against them on the merits of their Rule 9014 motion, arguing that the court reached an erroneous conclusion that the bankruptcy process for handling creditor claims on an individual basis is superior to the class action process and that, in any event, the court should have allowed the Named Claimants' Civil Rule 23 discovery before reaching its conclusion.

Rule 9014 authorizes the bankruptcy court to "direct" that one or more of the adversary rules, including Rule 7023, "shall apply" to a contested matter, and the court is given broad discretion in making this determination. *See Reid*, 886 F.2d at 1470; *In re American Reserve*, 840 F.2d at 492.

In resolving the Named Claimants' Rule 9014 motion in this case, the bankruptcy court "weighed the benefits and costs of class litigation against the efficiencies created by the bankruptcy claims resolution process" and concluded that in the circumstances of this case, the bankruptcy claims resolu-

tion process was superior. The court looked at the issue both on a systemic level and in light of the facts specific to this case.

On the systemic level, the court noted that the bankruptcy process had the advantages that all claims could be consolidated in one forum; that claimants could file proofs of claim without counsel; and that filing individual claims would impose "virtually no costs" on claimants. The court noted that bankruptcy provides "(1) established mechanisms for notice, (2) established mechanisms for managing large numbers of claimants, (3) proceedings centralized in a single court with nationwide service of process, and (4) protection against a race to judgment since all of the debtor's assets are under control of the bankruptcy court." In contrast to those systemic advantages, the court pointed out that "going forward with the class action lawsuits would involve expensive, time-consuming, protracted litigation that could delay and lessen the distribution of the Debtors' assets to the creditors." The court observed that the "normal policy concerns" that would favor a class action process—referring to inconsistent adjudications and the deterrence of improper defendant behavior—were not a concern in a bankruptcy proceeding involving a single court. Deterrence in a liquidation proceeding was not a concern for the bankruptcy court because "any labor law violations could not be remedied for future employees and no long-term benefits could be provided." At bottom, it found that the systemic considerations favored the bankruptcy claims process.

Addressing the specific facts of this case, the court reached the same conclusion. It noted that it had already established a structure for processing large numbers of claims and that approximately 15,000 claims had been filed under the process. It pointed out that, as of March 18, 2010, the court had entered orders with respect to 7,800 of the claims. Observing that the process was working well, the court concluded that "it is highly doubtful that an additional several hundred claims

from potential class members would negatively impact the claims resolution process in these cases." The court also noted that because the claims resolution process was "well under-way," permitting class action cases to proceed would "unduly complicate the administration" of the bankruptcy case. The court concluded that allowing the putative class members to file individual proofs of claim would be "more efficient."

The Named Claimants do not seriously dispute these conclusions reached by the bankruptcy court. Rather, they argue almost exclusively that the bankruptcy court abused its discretion by reaching its conclusions without first granting their request for discovery and by not allowing "any evidence whatsoever to address the Rule 23 factors." In their arguments to the bankruptcy court, they contended that "discovery [was] essential to the class certification presentation." And on appeal, they devoted most of their brief to arguing that denial of class-action related discovery was the most significant error below. This argument, however, represents a misunderstanding of the issue that was resolved in deciding the Rule 9014 motion.

For the most part, Civil Rule 23 factors do not become an issue until the bankruptcy court determines that Rule 7023 applies by granting a Rule 9014 motion. The issue on such a motion centers more directly on whether the benefits of applying Rule 7023 (and Civil Rule 23) are superior to the benefits of the standard bankruptcy claims procedures. While some Civil Rule 23 factors could be relevant to resolving a Rule 9014 motion, extensive discovery related to class certification is not necessary. For example, the numerosity of a particular class, which is one of the factors to be considered under Civil Rule 23 for certification, could impact a bankruptcy court's decision on a Rule 9014 motion. But in this case, the approximate size of the purported classes was not disputed. In fact, when pressed at oral argument, counsel for the Named Claimants' could not describe what discovery

would be necessary to deciding the Rule 9014 motion itself, continuing to focus instead on the Civil Rule 23 factors.

In deciding the Rule 9014 motion, the bankruptcy court assumed that a class action could be certified, thus rendering discovery into certification irrelevant, and concluded nonetheless that the process of a certified class action would be more cumbersome and expensive than the bankruptcy process. Accordingly, the court found that in this particular case, class certification discovery was not necessary. It reached its decision on the Rule 9014 motion on the threshold question of whether the specific claims resolution process established in this bankruptcy case was superior to the resolution process in a class action, assuming that the proposed classes were to be certified. We conclude that this approach was not an abuse of discretion.

Distinct from the bankruptcy court's denial of class action discovery, we cannot conclude that the court's ruling on the merits of the Rule 9014 motion was an abuse of discretion. The court noted that approximately 15,000 claims had been filed against Circuit City as part of the claims process and that the structural mechanisms that the court had put in place to process claims were "well underway" and had been operating smoothly to date. Although the bankruptcy court did not ascertain the exact number of claimants who would be included in the putative classes, estimating them to be a "few hundred" (a number that counsel for the Named Claimants confirmed at oral argument), the court could reasonably conclude that even several thousand claims would better be handled by the well-functioning claims resolution process that the court had already put into place. Indeed, the court could discern no substantial benefit in allowing the claimants to proceed through a class action process in this case, and we find no reason to find this to be an abuse of discretion. *See In re Computer Learning Ctrs.*, 344 B.R. at 91; *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 9.

This is not to say, however, that a class action in a bankruptcy case can never be superior. Each bankruptcy case must be assessed on a case-by-case basis to determine whether allowing a class action to proceed would be superior to using the bankruptcy claims process. We simply say that the bankruptcy court properly exercised its discretion *in this case*.

V

Finally, the Named Claimants challenge the notice given to the putative class of unnamed claimants, arguing particularly that the court should have provided "Rule 23 opt-out notice." As they state, "the notice procedure used to inform creditors' putative class members did not comport with due process or Rule 23."

Again, however, the argument to apply Civil Rule 23 conflates the bankruptcy process with the independent commands of Civil Rule 23. Because the bankruptcy court denied the Rule 9014 motion to apply Rule 7023, there was no requirement that unnamed class members be notified in accordance with the procedures under Civil Rule 23. The bankruptcy court would have to grant the Rule 9014 motion before the requirements of Civil Rule 23 could apply. Thus, the only notice required was that given by Circuit City for giving notice of bankruptcy procedures and the bar date.[2]

As to the Named Claimants' contention that the notice procedures violated the due process rights of the unnamed class members, "extinguish[ing] the rights of thousands of formerly employed workers seeking hard-earned wages for work performed," we conclude that the Named Claimants do not have standing to assert the due process rights of others who are not

---

[2]Circuit City's agents sent individualized notices to 370,000 persons in interest, including all Circuit City employees for three years prior to the bankruptcy petition, and the notices contained a description of the bankruptcy procedures and the bar date for filing proofs of claim. In addition, for unknown claimants, the agents posted the notice in the *Wall Street Journal* and in a newspaper of general circulation in Richmond, Virginia, where Circuit City was located.

parties. The Named Claimants received actual, individualized notices, as did their attorneys, and they have made no complaint regarding the notice provided to them. We decline their invitation to evaluate the adequacy of notice provided to the nonparty unnamed class members because the Named Claimants lack standing to raise the issue.

For the reasons given herein, we affirm the judgment of the district court.

*AFFIRMED*