# United States Court of Appeals for the Fifth Circuit

---

No. 22-60227
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2023

Lyle W. Cayce
Clerk

Omar Khayyam Humphrey,

*Plaintiff—Appellant*,

*versus*

Pelicia Hall, *Commissioner of Mississipi Department of Corrections (MDOC)*; Joe Errington, *Superintendent*; Joshua Csaszar, *Warden*; Joseph Cooley, *Director/Investigator II of Administrative Remedy Program South Mississippi Correctional Institution*; Regina Reed, *Deputy Warden*; Penny Bufkin, *Director of Security Threat Group South Mississippi Correctional Institution*; James Cooksey, *Director of Corrections Investigation Division (CID) South Mississippi Correctional Institution*; Sheneice Hartfield-Evans, *Captain Area 2 South Mississippi Correctional Institution*; Roylandia McBride, *Correction Officer South Mississippi Correctional Institution*; Andrew Mills, *Chief of Security South Mississippi Correctional Institution*; Adrian Keys, *K-9 Unit Officer and John Does South Mississippi Correctional Institution*; Richard Pennington, *MDOC Director of Administrative Remedy Program (ARP) MSP*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-362

---

No. 22-60227

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Omar Khayyam Humphrey, Mississippi prisoner # R3755, an inmate confined at the South Mississippi Correctional Institution (SMCI), appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit asserting a violation of his Eighth Amendment rights. Humphrey briefs no argument challenging the district court's denial of his request for injunctive relief in the form of a transfer, the dismissal of his claims against SMCI medical staff for failure to state a claim, the dismissal of his claims against all of the SMCI defendants save Mississippi Department of Corrections Commissioner Pelicia Hall due to his failure to exhaust under § 1997e(a), the dismissal of his claims against Commissioner Hall in her official capacity as barred by the Eleventh Amendment, or the dismissal of his claims against her in her individual capacity seeking compensatory damages for lack of any physical injury under § 1997e(e). Consequently, he has abandoned such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Only Humphrey's challenge to the dismissal of his claim for punitive damages against Commissioner Hall in her individual capacity alleging that she was deliberately indifferent to the conditions caused by understaffing at SMCI has been properly preserved on appeal and is subject to this court's review.

We review the summary judgment dismissal of that claim de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Because the defendants asserted the defense of qualified immunity, the usual summary judgment burden is altered; after the defense was pleaded, the burden shifted to Humphrey to show that the defense was unavailable. *King*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). In determining whether qualified immunity applies, the court reviews: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the violation. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Summary judgment dismissal was proper because Humphrey failed to establish that Commissioner Hall violated his constitutional rights. The summary judgment evidence did not show that Commissioner Hall was deliberately indifferent to the conditions caused by understaffing at SMCI. Rather, Humphrey's own allegations, testimony, and summary-judgment evidence showed that Commissioner Hall was not indifferent to the staffing problem, instead was taking active measures to abate it by requesting more money from the state legislature to increase officers' starting salaries, which request was denied, and by creating a training program for potential recruits. Humphrey does not challenge the district court's conclusion on this point, arguing only that Commissioner Hall's attempt to request more funding did not excuse her from failing to maintain a minimum level of safety. However, he misapprehends the showing required to establish a constitutional violation. Even if her response was not perfect or adequate, the relevant inquiry is whether she was aware of a known risk of harm, then disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994); *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). As the district court determined, because Humphrey did not point to any evidence showing that additional staffing or funding was available and Commissioner Hall failed to put it to use or that she exhibited deliberate indifference in making, or failing to make, a policy to address the issue, he failed to show a violation of his Eighth Amendment rights, and summary judgment was appropriate. *See Farmer*, 511 U.S. at 837, 844-45, 847; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *Cleveland*, 938 F.3d at 676.

Humphrey next argues that the district court erred in denying his motion for the appointment of counsel. We review the denial of appointment of counsel for an abuse of discretion. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). "A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Appointment is warranted only upon a showing of exceptional circumstances. *Id.*

The district court correctly determined that Humphrey's claims were not overly complex and that his numerous pleadings and presentation of his claims demonstrated that he was capable of investigating and presenting his case with clarity. *See Ulmer*, 691 F.2d at 213. Moreover, the case was resolved on summary judgment and did not involve any conflicting testimony requiring a skilled legal professional. *See id.* Although Humphrey argues that he needed appointed counsel to satisfy the requirements to obtain class certification given that his pro se status automatically disqualified him from meeting the adequacy-of-representation element, his request for class certification did not automatically entitle him to appointed counsel. *See Ulmer,* 691 F.2d at 213. Moreover, as discussed below, Humphrey failed to meet other prerequisites for such certification. He has not demonstrated any abuse of discretion on the district court's part in denying his request for counsel. *See Baranowski*, 486 F.3d at 126; *Ulmer*, 691 F.2d at 212-13.

Next, Humphrey challenges the district court's denial of his motion for discovery, seeking documents or notes Commissioner Hall possessed relating to her participation in a panel on prison reform in which he asserts that experts opined that the Mississippi prison system is fundamentally flawed and that gangs were running prisons. This court reviews the denial of discovery requests for an abuse of discretion. *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019). Even if a district

court abuses its discretion in denying discovery, this court will not overturn the ruling unless it substantially affects the rights of the appellant. *Id.* at 256.

Here, the district court implicitly determined that the documents that Humphrey sought were not relevant to his claims. Humphrey's mere desire to have the requested information is insufficient to show an abuse of discretion on the district court's part. *See JP Morgan Chase Bank, N.A.*, 936 F.3d at 255-56. Even assuming that the documents he sought existed and contained the conclusions he describes, they would tend to show only that Commissioner Hall was aware of the understaffing issue, which information was already contained in the numerous articles Humphrey submitted in support of his motion for summary judgment, meaning that the documents were cumulative of the information he already possessed. Humphrey does not assert that the documents had any bearing on Commissioner Hall's attempts to relieve the understaffing problem, as also described in the articles he submitted, or would support an assertion that she exhibited deliberate indifference in failing to take steps to address the issue. Thus, he cannot show that the denial of the requested documents prejudiced him or affected his substantial rights. *See id.* at 256.

Humphrey additionally argues that the district court erred in denying his motion for class certification. As noted above, he complains that because the district court denied him appointed counsel, it deprived him of the ability to meet the requirements of Fed. R. Civ. P. 23(a) by forcing him to proceed pro se, automatically disqualifying him from being able to demonstrate the requisite adequacy of representation.

We review the district court's ruling for an abuse of discretion. *Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 380 (5th Cir. 2007). Class certification requires plaintiffs to satisfy four requirements under Rule 23(a): (1) numerosity, meaning that the class must

No. 22-60227

be "so numerous that joinder of all members is impracticable"; (2) commonality, meaning that there must be "questions of law or fact common to the class"; (3) typicality, or that the claims or defenses of the representative parties must be "typical of the claims or defenses of the class"; and (4) adequacy of representation, meaning that the representative parties must "fairly and adequately protect the interests of the class."[1] Fed. R. Civ. P. 23(a); *see In re Monumental Life Ins. Co.*, 365 F.3d 408, 414-15 (5th Cir. 2004).

Humphrey's request for class certification fails at the first hurdle because he has not demonstrated the requisite numerosity. He identified a putative class of 12 inmates, each of whom was identified by name and each of whom were housed in the same prison. Joinder of the 12 named inmates was not impracticable. *See* Fed. R. Civ. P. 23(a). Further, as the district court determined, even construing his pleadings as raising the argument that the 12 named members were representatives of the class of all non-gang members at SMCI, by his own estimate, the putative class would be composed of 20 non-gang-member inmates, 12 of whom had already been identified and all of whom were housed at SMCI, meaning that the remainder could be located with relative ease. Joinder of such a small number of inmates housed in the same location was thus not impracticable, and the district court did not err in determining that numerosity was not established. *See Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016); Fed. R. Civ. P. 23(a); *see also Ward v. Kelly,* 476 F.2d 963, 964 (5th Cir. 1973); *cf. In re: TWL Corp.*, 712 F.3d 886, 895 (5th Cir. 2012).

_____

[1] In addition to meeting these four prerequisites, plaintiffs must meet one of the additional requirements listed under Rule 23(b), which issue need not be reached here as Humphrey's motion for class certification fails to meet the initial requirements of Rule 23(a). *See* Fed. R. Civ. P. 23(b).

Humphrey briefs no argument challenging the district court's findings with respect to numerosity. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Inasmuch as he now asserts that, had he been appointed counsel, he could have proved that there are 1,200 to 1,300 non-gang-affiliated inmates at SMCI, which would have been sufficient to satisfy numerosity, the argument was not raised before the district court, and this court will not consider it. *See Martinez v. Pompeo,* 977 F.3d 457, 460 (5th Cir. 2020); *see also Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Because Humphrey fails at the first step by failing to demonstrate numerosity, he cannot establish an abuse of discretion on the district court's part in denying his motion for class certification. *See* FED. R. CIV. P. 23(a); *see also Regents of Univ. of Cal.*, 482 F.3d at 380. We therefore need not reach his remaining arguments challenging the district court's findings as to the other Rule 23(a) factors. *See Steering Committee v. Exxon Mobile, Corp.,* 461 F.3d 598, 601 (5th Cir. 2006).

For the foregoing reasons, the district court's judgment is AFFIRMED.

7